UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TREY STYLES,

                  Plaintiff,

    v.

DONALD HOLBROOK,

                  Defendant.

CASE NO. 3:21-cv-05365-RJB-JRC

ORDER

Plaintiff proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Having reviewed and screened plaintiff's proposed complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint but provides plaintiff leave to file an amended pleading by August 22, 2021 to cure the deficiencies identified herein.

Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Dkt. 8. However, the Court finds it improbable plaintiff that will be able to cure the deficiencies of his proposed complaint, and therefore will not rule on the request to proceed *in forma pauperis* until plaintiff has filed a proposed amended complaint.

In his complaint, plaintiff, who is currently housed at Washington State Penitentiary, alleges he was not informed of his *Miranda* rights when he was arrested, that he wanted a jury

1    trial but was told to sign a plea agreement, that he was not allowed to bring in witnesses on his

2    behalf, and that the prosecutor engaged in misconduct. Dkt. 1.  In sum, plaintiff appears to

3    challenge the constitutionality of his arrest and conviction. *See id.*

4        An "action lying at the core of habeas corpus is one that goes directly to the

5    constitutionality of the prisoner's physical confinement itself and seeks either immediate release

6    from that confinement or the shortening of its duration. With regard to such actions, habeas

7    corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475,

8    503 (1973) (internal quotation omitted). "A [§ 1983]civil rights action, in contrast, is the proper

9    method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir.

10   1991).

11       Here, plaintiff filed a civil rights action pursuant to § 1983. Plaintiff's requested relief,

12   which challenges the fact of his custody, is properly raised in a § 2254 petition, not a § 1983

13   complaint. Therefore, plaintiff has failed to state a viable § 1983 claim.

14       If plaintiff intends to pursue this § 1983 civil rights action, he must file an amended

15   complaint on the form provided by the Court, including only claims challenging the conditions

16   of his confinement. Plaintiff may file a separate § 2254 habeas petition challenging the fact or

17   duration of his custody on the form provided by the Court.

18       The amended § 1983 complaint must contain a short, plain statement telling the Court:

19   (1) the constitutional right plaintiff believes was violated; (2) the name of the person who

20   violated the right; (3) exactly what the individual did or failed to do; (4) how the action or

21   inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5)

22   what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,

23   423 U.S. 362, 371–72, 377 (1976).

24

If plaintiff pursues a § 2254 habeas petition, he is advised that he must file the petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Further, "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A)Plaintiff shall present the proposed amended complaint on the form provided by the Court. The proposed amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original proposed complaint by reference. The proposed amended complaint will act as a complete substitute for the original proposed complaint, and not as a supplement. The Court will screen the proposed amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the proposed amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

1      If plaintiff fails to file a proposed amended complaint or fails to adequately address the

2    issues raised herein on or before August 22, 2021, the undersigned will recommend dismissal of

3    this action.

4      The Clerk is directed to re-note plaintiff's motion for leave to proceed *in forma pauperis*

5    (Dkt. 8) for August 22, 2021. The Clerk further is directed to send plaintiff the appropriate forms

6    for filing a 42 U.S.C. § 1983 civil rights complaint and for service and the forms for filing a

7    petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to

8    send copies of this Order and Pro Se Instruction Sheet to plaintiff.

9      Dated this 22nd day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge