UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TREY STYLES,

            Plaintiff,

   v.

DONALD HOLBROOK, *et al.*,

           Defendants.

CASE NO. 3:21-cv-05365-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 10, 2021

      This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. This matter is before the Court on plaintiff's *in forma pauperis* motion and Amended Complaint and the Court's order to show cause. Dkts. 8–10.

      Plaintiff's Amended Complaint alleges purported civil rights claims. However, plaintiff's claims challenge the validity of his conviction. Therefore, plaintiff's claims are not cognizable in a civil rights case and must be brought, if at all, in a habeas corpus action. Consequently, plaintiff has improperly filed the Amended Complaint. Accordingly, for the reasons discussed

herein, the Court should dismiss the Amended Complaint without prejudice and allow plaintiff to raise his claims in a separate habeas corpus action.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. This Court screened the Complaint under 28 U.S.C. § 1915A, and determined that plaintiff was incarcerated at Washington State Penitentiary and "appeared to challenge the constitutionality of his arrest and conviction." Dkt. 9 at 2. Therefore, the Court issued an Order finding that plaintiff failed to state a viable § 1983 claim. *Id.* Further, the Court instructed plaintiff that, if he intended to pursue his § 1983 civil rights action, he must file a proper amended complaint. *Id.* Additionally, the Court instructed plaintiff that he could, in the alternative, "file a separate § 2254 habeas petition challenging the fact or duration of his custody on the form provided by the Court." *Id.*

Subsequently, plaintiff filed an Amended Complaint pursuant to § 1983. Dkt. 10. In Count I, plaintiff alleges that the police questioned him several times without an attorney and that he "was taken to [a] bail hearing without [a] lawyer phone call or legal rights given." *Id.* at 5–6. Plaintiff further alleges that he "was questioned, arrested, and forced to sign a statement without legal [counsel] present." *Id.* at 6. In Count II, plaintiff similarly alleges that he "was forced into writing a confession without [counsel]" and that detectives coerced him to write incriminating statements. *See id.* at 7. In Count III, plaintiff alleges that he "was not allowed to use [his] witnesses to [verify] that [he] did not commit the crime." *Id.* at 8. For relief, plaintiff seeks a new trial. *Id.* at 10.

Simultaneously, plaintiff filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Dkt. 11. His sole ground for relief essentially encompasses the Counts of his

Amended Complaint. *See id.* at 5. Plaintiff seeks a new trial and "counsel of [his] choice." *Id.* at 15.

## DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (citation omitted). "The [Supreme] Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (citation omitted).

The Court may, in appropriate circumstances, recharacterize a § 1983 complaint as a § 2254 petition. *See id.* at 936. Recharacterization may be improper, however, when the complaint names the incorrect respondents, or when recharacterization is impossible or disadvantageous to the prisoner. *See id.*

Here, plaintiff's Amended Complaint challenges the validity of his conviction. Therefore, his purported civil rights claims fall within the core of habeas and are not cognizable under § 1983.

Recharacterization of the Amended Complaint as a § 2254 petition would not be proper here. For one, plaintiff names as defendants the individuals who allegedly violated his civil rights. Dkt. 9, at 3–4. However, the petitioner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Furthermore, the filing fees in

§ 1983 and § 2254 actions vary considerably. *See* 28 U.S.C. § 1914(a)–(b). Considering these obstacles, the Court should dismiss the Amended Complaint without prejudice as improperly filed and direct the Clerk of Court to open a new § 2254 action and docket the Petition in that case.

## CONCLUSION

For the reasons set forth above, the Court recommends that: (1) the Amended Complaint (Dkt. 10) be DISMISSED without prejudice and all pending motions (*see* Dkt. 8) be denied as moot; (2) the Clerk be DIRECTED TO OPEN a new § 2254 action and docket the Petition (Dkt. 11) in that action; and (3) this case be CLOSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 10, 2021** as noted in the caption.

Dated this 24th day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge